**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL PINEDA GALDAMEZ, | No.   20-72283 |
| Petitioner, | Agency No. A206-639-952 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Daniel Pineda Galdamez, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

In his opening brief, Pineda Galdamez does not challenge the BIA's determination that he waived any challenge to the to the IJ's adverse credibility determination.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, Pineda Galdamez's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (asylum and withholding of removal claims failed in the absence of credible testimony).

In light of this disposition, we need not reach Pineda Galdamez's remaining contentions regarding his asylum and withholding of removal claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief, where Pineda Galdamez's claim was based on the same testimony found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th

Cir. 2010) (generalized evidence of violence and crime was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**